UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **RUDY PESINA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-01-23 |
| | § | |
| **ZURICH AMERICAN INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Pending before the Court are Defendant's Motion to Extend Time to Provide Expert Reports (Dkt. # 52), Defendant's Motion to Take Medical (Psychological) Exam and Vocational Assessment (Dkt. # 54), and Defendant's Motion to Compel Medical Authorization and Response to Request for Production (Dkt. #56). The Motion to Extend was originally filed on March 15, 2005. On March 22, 2005, Defendant filed a supplement to the Motion to Extend, changing one of the dates from the original motion to accurately reflect the deadlines set forth in the scheduling order. The Motion to Take Medical Exam and Vocational Assessment was originally filed on March 21, 2005. The Motion to Compel was originally filed on March 31, 2005. To date, Plaintiff has not responded to any of the motions. Local Rule 7.4 provides that, "Failure to respond will be taken as a representation of no opposition." As such, the motions will be treated as unopposed. Furthermore, having considered the motions, the Court is of the opinion that the motions should be GRANTED.

Defendant's motion for mental exam asserts that Plaintiff has placed his psychological condition in issue in this suit by alleging that Defendant's actions have caused him to be admitted into a psychiatric hospital for treatment. Defendant additionally asserts that Plaintiff's designated

experts have opined that Plaintiff is restricted in his ability to work as a result of his psychological condition.

Requests for mental or physical examinations in federal civil actions are governed by Fed.R.Civ.P. 35(a). Rule 35(a) provides, in pertinent part:

> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, condition, and scope of the examination and the person or persons by whom it is to be made.

Rule 35, as contrasted with the other discovery provisions, is distinct in its requirements that the condition as to which the examination is sought be "in controversy", and that the movant affirmatively demonstrate "good cause" for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964).

In construing the court's obligation under the requirements of Rule 35(a), the United States Supreme Court in *Schlagenhauf*, made the following observation.

> Rule 35.... requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirement of "in controversy" and "good cause" which requirements ... are necessarily related . . . [The requirements mean] . . . that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule. *Schlagenhauf*, 379 U.S. at 118-119.

Even in light of the rule's restrictions, however, courts have held that Rule 35(a) should be construed liberally in favor of granting discovery. *In re: Certain Asbestos Cases*, 112 F.R.D. 427, 432 (N.D.Tex.1986) (citing 4 A.J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice, ¶ 35.04 at 35-20, 21 (2d Ed.1985)); *Cody v. Marriott*, 103 F.R.D. 421, 422 (D.Mass.1984) (citing

*Postell v. Amana Refrigeration, Inc.*, 87 F.R.D. 706, 707 (N.D.Ga.1980)).

The Court finds that Plaintiff has placed his psychological condition in controversy in this suit. As such, the Court will GRANT Defendant's request to conduct a psychological examination and vocational assessment.

The two remaining motions, the motion to extend and the motion to compel, are both tied to Plaintiff's medical condition. In the motion to extend, Defendant requests additional time to provide its expert reports. Defendant asserts that the information provided by Plaintiff at his deposition was not enough to allow their experts to formulate accurate opinions. As a result, Defendant requests that the Court grant it an extension of the April 15, 2005 deadline to file written reports by its designated experts. Likewise, in its motion to compel, Defendant requests that the Court order Plaintiff to provide it with a signed medical authorization so that it may obtain any medical records which have been placed in issue in this case. Plaintiff has placed his medical condition in issue in this case by relying on experts who, in turn, have relied on Plaintiff's medical records in formulating their opinions. The Court, therefore, is of the opinion that the motion to extend and the motion to compel should both be GRANTED.

## Conclusion

Plaintiff is hereby ORDERED to make appointments for the psychological exam, to be conducted at the office of Dr. Perez, located at 6560 Fannin, Suite 1224, Houston, Texas 77030 and the vocational exam, to be conducted by Susan Rapant in her office, located at 906 Higgins Street, Humble, Texas 77338. If possible, given the office schedules of Dr. Perez and Ms. Rapant, these exams shall be scheduled to occur within 14 days of this order. Furthermore, Plaintiff is ORDERED to execute a medical authorization and return it to Defendant's counsel within five (5) days of this order. Defendant shall have 45 days from the date of this order to provide Plaintiff

with copies of its experts' reports.

As a result of the above rulings, the deadlines in the Court's scheduling order of November 23, 2004 will need to be modified. The parties are hereby ORDERED to submit an agreed amended scheduling order for the Court's review within ten (10) days of the date of this order. If the parties cannot agree on a scheduling order, each party shall submit a proposed scheduling order for the Court's review.

Signed this 27th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE